J-S34025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN ZEIGLER | |
| Appellant | No. 2198 EDA 2016 |

Appeal from the Judgment of Sentence Dated June 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015686-2009
CP-51-CR-0015687-2009

BEFORE:  BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                   **FILED JULY 28, 2017**

Appellant, Ryan S. Zeigler, appeals the June 1, 2016 judgment of sentence imposed following his conviction for two counts each of aggravated assault, possessing an instrument of crime with the intent to employ it criminally, simple assault, and recklessly endangering another person.[1] Appellant challenges the weight of the evidence.  We affirm.

The facts of this case have been fully and correctly set forth in the trial court's opinions dated August 22, 2016, and November 28, 2016.  Trial Ct. Op., 8/22/16, at 2-5; Trial Ct. Op., 11/28/16, at 2-5.  We do not need to recite them here to dispose of this appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a), 907(a), 2701(a), and 2705, respectively.

Following a bench trial on July 30, 2015, Appellant was sentenced to "an aggregate sentence of two and one-half to five years' incarceration followed by five years' probation" on June 1, 2016. Trial Ct. Op., 8/22/16, at 1 (citing N.T., 6/1/16, at 50-51); Trial Ct. Op., 11/28/16, at 1 (same). Appellant did not challenge the weight of the evidence prior to the imposition of his sentence, either orally or in writing. In addition, as the trial court has noted, "Following the imposition of sentence, Appellant did not file post-sentence motions, but did file a timely notice of appeal and a court ordered Pa.R.A.P. 1925(b) statement." Trial Ct. Op., 8/22/16, at 1; Trial Ct. Op., 11/28/16, at 1.[2]

Appellant, in the statement of questions presented in his brief, raises three issues: a challenge to the weight of the evidence; a claim that his guilty verdicts shock the conscience; and a challenge to the sufficiency of the evidence. However, Appellant's brief waives his sufficiency challenge because it does not include any argument on that issue. Appellant's other two issues both go to the weight of the evidence. Appellant reasons:

> [T]he verdicts were against the clear weight of the evidence. It is respectfully submitted that there was no way that any rational fact finder could justify finding the [A]ppellant guilty. Accordingly, it should be held by this Honorable Court that the

---

[2] Appellant was convicted under two docket numbers. On June 24, 2016, Appellant filed a notice of appeal at only one of them, Docket No. 15686. On October 13, 2016, Appellant filed a petition with this Court to amend his notice of appeal to include the other case, Docket No. 15687. On November 4, 2016, this Court granted Appellant's petition. On November 9, 2016, Appellant filed an amended notice of appeal, listing both docket numbers.

guilty verdicts in this case "shock the conscience", thereby necessitating the award of a new trial.

Appellant's Brief at 13; *see Commonwealth v. Ross*, 856 A.2d 93, 99 (Pa. Super. 2004) (internal brackets, citations, and quotation marks omitted), *appeal denied*, 889 A.2d 1215 (Pa. 2005), *cert. denied*, 547 U.S. 1045 (2006).[3]

The trial court found Appellant's weight claim waived due to Appellant's failure to raise it in a post-sentence motion. Trial Ct. Op., 8/22/16, at 6; Trial Ct. Op., 11/28/16, at 6. Because Appellant also failed to raise his weight claim orally on the record or in a pre-sentence motion, we agree with the trial court that the claim is waived. Under Rule 607(A) of the Rules of Criminal Procedure:

> A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or

---

[3] This Court stated in **Ross**:

> A new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. In this regard, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

856 A.2d at 99.

(3) in a post-sentence motion.

Failure to properly preserve a weight of the evidence claim therefore will result in waiver. ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009), ***cert. denied***, 559 U.S. 1111 (2010); ***see Commonwealth v. Thompson***, 93 A.3d 478, 490-91 (Pa. Super. 2014).

It appears that Appellant wishes us to review the merits of his weight claim even though he waived it in the trial court and the trial court never addressed it. We have no power to engage in such a review. In ***Thompson***, the appellant failed to preserve a weight claim and the trial court did not rule on the weight issue before the appellant appealed. When the appellant asked us to consider his weight claim on appeal, we explained that because our standard of review of a weight claim is abuse of discretion, ***see Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003), ***cert. denied***, 542 U.S. 939 (2004), and because the trial court never had an opportunity to exercise its discretion while the case was within its jurisdiction, there was no exercise of discretion by the trial court for us to review. 93 A.3d at 490-91. The same result applies here.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2017